*** Filed ***
11:36 AM, 25 Apr, 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

-X

BRIAN MARKUSON, Plaintiff,

-against-

CITY OF NEW YORK; NYPD OFFICERS JOHN DOE #1-50; FDNY PERSONNEL JOHN ROE

#1-50; and other UNKNOWN INDIVIDUALS, Defendants

-X

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND RELATED CLAIMS JURY TRIAL

DEMANDED

I. INTRODUCTION

This civil rights action, brought under 42 U.S.C. § 1983 and supplemental state law claims, arises from violations of the Fourth and Fourteenth Amendments to the United States Constitution and New York common law. It stems from an incident on or about April 17, 2024, at Plaintiff's residence involving an unlawful search, false arrest, prosecutorial misconduct, defamation, and intentional infliction of emotional distress by Defendants. Despite a large-scale response by NYPD, FDNY, and specialized units, no formal hazard determination was ever made by qualified experts, undermining the justification for Defendants' actions.

Plaintiff seeks compensatory and punitive damages, declaratory relief, attorneys' fees and costs, and other relief as this Court deems just and proper.

II. JURISDICTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.
4. Supplemental jurisdiction over state claims is pursuant to 28 U.S.C. § 1367(a).
5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the acts complained of occurred within this District.

III. PARTIES

6. Plaintiff Brian Markuson is a resident of New York, residing in Brooklyn at all

relevant times.
7. Defendant CITY OF NEW YORK is a municipality within New York State responsible for the NYPD and FDNY.
8. Defendants JOHN DOE #1-50 (NYPD) and JOHN ROE #1-50 (FDNY) are unknown officers and officials who acted under color of state law.

IV. FACTUAL ALLEGATIONS 9. On April 17th, 2024 at approximately 1:30 PM, NYPD and FDNY initiated an emergency response at Plaintiff's apartment allegedly due to a neighbor calling 911 to report smelling smoke coming from Plaintiff's apartment, leading FDNY personnel to enter Plaintiff's apartment without a warrant under alleged exigent circumstances. 10. Despite claims of imminent threat, authorities failed to immediately mitigate any purported hazards. Gym records confirm Plaintiff checked into Harbor Fitness at approximately 2:03 PM, and he was arrested around 5 PM as he was returning from the gym. However, media footage and eyewitness accounts show Policemen standing around Plaintiff's door at or about 8 PM and that SCBA-equipped personnel re-entered the apartment building at after 11:00 PM according to media time shots, indicating that investigative searches continued more than six hours after Plaintiff's detention and nine hours after the first entry. This timeline, spanning from initial FDNY entry to late-night reentry, demonstrates that any alleged exigency had long passed, undermining the claim of an emergency and reinforcing the unconstitutional nature of the prolonged warrantless searches. 11. Criminal charges against Plaintiff, specifically Reckless Endangerment under Penal Law §§ 120.20 (Second Degree) and 120.25 (First Degree), were dismissed on November 19, 2024, pursuant to CPL 30.30 and CPL 170.40. The criminal complaint vaguely referenced a propane tank and a burnt pan, but did not specify which item formed the basis for the reckless endangerment charge. No expert assessment or forensic evidence supported the conclusion that either posed a substantial risk of harm, underscoring the speculative nature of the allegations and the lack of credible justification for Plaintiff's arrest and prosecution. 12. Authorities selectively targeted Plaintiff's personal belongings, conducted investigative actions unrelated to emergency conditions, tampered with digital storage devices, and inflicted property damage. 13. City officials, through media statements, falsely portrayed Plaintiff's residence as a "meth lab" "drug lab discovered" at that nightly media broadcast and falsely claimed it had burned down to neighbors, causing severe reputational damage and emotional distress. 14. Plaintiff filed a timely Notice of Claim pursuant to General Municipal Law §§ 50-e and 50-i. 15. Plaintiff submitted a Freedom of Information Law (FOIL) request, assigned tracking number FOIL-2025-032-00053, seeking information if the Department Of Investigations had looked into the incident.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION - Fourth Amendment Violations (Unreasonable Search and Seizure, Including Monell Liability(I))

Defendants, including NYPD Officers John Doe #1-50 and FDNY Personnel John Roe #1-50, conducted multiple warrantless entries and searches without genuine exigency, violating Plaintiff's Fourth Amendment rights. At no point during the prolonged sequence of entries and reentries on April 17, 2024, did Defendants obtain or attempt to obtain a judicial warrant. As detailed in the factual allegations above, the scene was fully secured, the building evacuated, and multiple specialized units were deployed—including the Bomb Squad and HAZMAT—with sufficient time and resources to apply for judicial review. The deliberate failure to seek a warrant under these circumstances constitutes a presumptively unreasonable search in violation of clearly established Fourth Amendment principles.

Plaintiff further alleges that these constitutional violations were not isolated incidents but resulted from a municipal custom and/or policy of the City of New York—specifically within both the Fire Department of New York (FDNY) and the New York Police Department (NYPD)—to conduct or permit extended entry and search of private residences under the guise of hazardous materials protocols or general public safety concerns, even when the exigency that justified initial entry has dissipated. This includes situations where NYPD personnel remain on scene or conduct investigatory activity in coordination with FDNY long after any credible emergency threat has ended, thus continuing warrantless intrusion in violation of constitutional safeguards. This pattern of reentry, carried out without judicial oversight, reflects a deliberate failure to supervise, train, or constrain FDNY personnel. Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), the City is liable for constitutional violations resulting from such policies, practices, or customs that foreseeably lead to prolonged, unjustified intrusions in violation of the Fourth Amendment.

SECOND CAUSE OF ACTION - False Arrest (Federal and State Law, Including Monell Liability(II) Plaintiff was unlawfully arrested on April 17, 2024, by NYPD Officers John Doe #1-50 without a valid warrant, probable cause, or exigent justification. As detailed in the factual allegations, Plaintiff was returning from a local gym, having been away from the apartment during the entire time of the alleged emergency. The timeline of events described in the criminal complaint does not align with reality.

No observation of criminal activity was made prior to his arrest, and no articulable

facts supported a reasonable belief that Plaintiff had committed a crime.

The items cited in the criminal complaint—a propane tank and a burned pan—were neutralized or found inert upon entry of the apartment and posed no immediate threat to public safety. Instead, the fire department waited until 8pm to remove the tank. No forensic or expert assessment was conducted to determine the alleged risk, as further detailed in the factual allegations.Plaintiff was arrested based on speculation and overreaction by law enforcement and emergency personnel.

Defendants' actions in arresting Plaintiff were objectively unreasonable and undertaken with reckless disregard for Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. Plaintiff was deprived of liberty, detained, and forced to defend against unfounded charges, which were ultimately dismissed.

As a result of the false arrest, Plaintiff suffered economic loss, reputational harm, emotional distress, and loss of liberty, and is entitled to compensatory and punitive damages, attorneys' fees, and other relief as the Court deems just and proper.

Plaintiff further alleges Monell liability against the City of New York for maintaining a policy, practice, or custom of permitting untrained or insufficiently trained NYPD officers to make probable cause determinations in hazardous materials incidents without expert verification, technical consultation, or independent sign-off by qualified professionals. This resulted in the criminal complaint being sworn by a non-expert officer lacking relevant hazardous materials or fire science training, despite the presence of multiple specialized units on scene. The City's failure to implement adequate supervisory protocols foreseeably led to Plaintiff's wrongful arrest and prolonged prosecution without evidentiary basis, thereby violating clearly established rights under the Fourth and Fourteenth Amendments.

THIRD CAUSE OF ACTION - Malicious Prosecution (Federal and State Law)
Defendants, acting individually and in concert, initiated and continued criminal proceedings against Plaintiff without probable cause and with malice. The prosecution was initiated without sufficient legal basis and in the absence of any expert findings or evidentiary support that Plaintiff's conduct constituted reckless endangerment, as detailed in the factual allegations. The prosecutorial misconduct flowed directly from the unconstitutional arrest and warrantless search conducted by NYPD and FDNY agents. Prosecutors leaned on assumptions about the presence of hazardous conditions—particularly the propane tank observed at the scene—without verifying these claims through qualified expert testimony or analysis. That tank remained in Plaintiff's apartment for hours after his arrest, contradicting the asserted emergency. No forensic evidence or hazard assessment was ever conducted. As a result, the charges rested on a mischaracterized narrative unsupported by science or law. Furthermore,

the prosecution failed to disclose the absence of expert evaluation or any objective confirmation of danger, constituting a material omission under Brady v. Maryland, 373 U.S. 83 (1963). The failure to disclose this exculpatory information—i.e., that no certified expert had assessed or verified the alleged hazard—deprived Plaintiff of due process under the Fourteenth Amendment.

Plaintiff was charged with Reckless Endangerment in the First and Second Degrees under New York Penal Law §§ 120.25 and 120.20, respectively. The charges were initiated based on speculation and uncorroborated impressions by law enforcement and first responders rather than by objective or technical assessment of any genuine threat. No hazardous materials experts, bomb squad commanders, or fire science professionals endorsed the charges or participated in the sworn complaint. Although the criminal complaint included a grand jury presentation date, no grand jury action was ultimately taken, suggesting the prosecution lacked foundational support and was likely abandoned due to insufficient evidence and absence of expert endorsement.

As a direct and proximate result of the malicious prosecution, Plaintiff suffered economic loss, reputational damage, prolonged stress, and emotional harm, and is entitled to compensatory and punitive damages, attorneys' fees, and such other relief as the Court deems just and proper.

Defendants, acting individually and in concert, initiated and continued criminal proceedings against Plaintiff without probable cause and with malice. The prosecution was initiated without sufficient legal basis and in the absence of any expert findings or evidentiary support that Plaintiff's conduct constituted reckless endangerment.

As a direct and proximate result of the malicious prosecution, Plaintiff suffered economic loss, reputational damage, prolonged stress, and emotional harm, and is entitled to compensatory and punitive damages, attorneys' fees, and such other relief as the Court deems just and proper.

FOURTH CAUSE OF ACTION Monell liability (III)

Upon information and belief, Defendant City of New York, acting through its agencies, including the Department of Investigation (DOI), the Fire Department (FDNY), and the Police Department (NYPD), maintains a de facto custom of failing to investigate or intercede in constitutionally questionable coordination between first responders, despite the presence of extended emergency powers and investigatory conduct that should trigger administrative scrutiny.

Despite these facts, no records exist indicating that the DOI or any supervisory body within the City investigated or reviewed the matter, as further evidenced by information sought through FOIL request FOIL-2025-032-00053. This sustained institutional inaction demonstrates deliberate indifference to the known risk of constitutional violations occurring under color of emergency response protocols, and directly contributed to the violations Plaintiff suffered, including the prolonged warrantless search and subsequent false arrest. This failure to supervise or initiate internal inquiry reinforces Plaintiff's Monell claim and supports municipal liability for ongoing, tacitly authorized deprivation of Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and all other relief deemed just and proper.

FIFTH CAUSE OF ACTION - False Imprisonment (Federal and State Law)

Plaintiff was detained for approximately 26 hours following his arrest on April 17, 2024, without probable cause, judicial oversight, or legal justification. As detailed in the factual allegations, the arresting officer lacked the requisite technical training to assess any threat, and no independent expert signed off on the hazardous material allegations. Despite the presence of multiple qualified units, no confirmation of any legitimate emergency or crime was made.

Plaintiff's continued detention was not based on the discovery of any evidence establishing probable cause but rather on speculation, institutional overreaction, and procedural inertia. The confinement was not privileged and constituted an unlawful deprivation of liberty.

Defendants, acting under color of law, subjected Plaintiff to an extended and unjustified imprisonment in violation of his rights under the Fourth and Fourteenth Amendments, as well as under New York common law.

As a result of this false imprisonment, Plaintiff suffered emotional distress, reputational harm, economic losses, and other injuries. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and other relief as the Court deems appropriate.

SIXTH CAUSE OF ACTION - Defamation (State Law)

Defendants, including but not limited to city officials and unnamed NYPD and FDNY personnel, made and/or caused to be made false public statements regarding Plaintiff's alleged involvement in criminal or hazardous activities. These statements were disseminated to the media and to neighbors, including false claims that

Plaintiff's apartment was a "meth lab," that it had exploded, or that it had burned down entirely. Multiple individuals later repeated these claims as fact, though no chemical equipment, drug residue, or structural fire was ever confirmed. FDNY never issued a formal hazard declaration, and no forensic documentation substantiated any of the broadcasted allegations, as detailed in the factual allegations.

These defamatory statements were made with knowledge of their falsity or with reckless disregard for the truth, at a time when Defendants had no expert or forensic findings to support such characterizations. Media coverage was allowed to persist uncorrected, and officials failed to clarify the true scope of the incident even after charges were dismissed.

The defamatory statements caused substantial reputational damage, public stigma, emotional distress, and impaired Plaintiff's personal and professional relationships. Plaintiff was stigmatized within his neighborhood and subjected to persistent suspicion, stigma, and emotional suffering due to the false narrative promoted by Defendants.

As a direct and proximate result of the defamatory statements made by Defendants, Plaintiff suffered damages and seeks compensatory and punitive damages, as well as all other relief the Court deems just and proper.

SEVENTH CAUSE OF ACTION - Intentional Infliction of Emotional Distress (State Law)
Defendants, acting under color of law, knowingly made false statements that Plaintiff's apartment had burned down and staged the presence of fire trucks and hoses to create the false appearance of a fire. Plaintiff personally observed these theatrics while being detained, intensifying the psychological impact. These actions were extreme and outrageous, intended to humiliate Plaintiff in real time and amplify the public narrative against him. Defendants knew or should have known that their conduct would cause Plaintiff severe emotional distress.

Plaintiff in fact suffered severe emotional and psychological harm, humiliation, and mental anguish as a result of Defendants' actions.

Defendants' conduct was intentional, malicious, and carried out with reckless indifference to Plaintiff's rights and well-being.

Additional instances of emotionally abusive conduct are anticipated to be revealed through discovery, including humiliating actions taken during the search of Plaintiff's private effects. One such instance includes the seizure of Plaintiff's prescription glasses during arrest and the unjustified delay in returning them. This impaired

Plaintiff's ability to see and function while in custody, causing distress and compounding the psychological harm of detention.

Plaintiff seeks compensatory and punitive damages for emotional harm, attorneys' fees, and any other relief this Court deems just and proper.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

(a) A declaratory judgment that Defendants violated Plaintiff's rights under the United States Constitution and laws of the State of New York;

(b) An award of compensatory damages in an amount to be determined at trial;

(c) An award of punitive damages against the individually liable Defendants for their willful and malicious conduct;

(d) An award of reasonable attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 1988 and applicable law;

(e) Any such other and further relief as the Court deems just and proper.

VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

/s/Brian Markuson