UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

BRIAN MARKUSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
BY DEFENDANT THE CITY
OF NEW YORK**

25 Civ. 2271 (DG) (JRC)

**<u>JURY TRIAL DEMANDED</u>**

Defendant the City of New York, by their attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, as and for their Answer to the Second Amended Complaint, respectfully allege as follows:

1.    Denies the allegations set forth in the section entitled "COMPLAINT FOR DAMAGES Under 42 U.S.C. §1983 AND RELATED CLAIMS JURY TRIAL DEMANDED" of the Second Amended Complaint, except admits that plaintiff purports to bring this case as stated therein.

2.    Denies the allegations set forth in paragraph "1" of the Second Amended Complaint, except admits that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

3.    Denies the allegations set forth in paragraph "2" of the Second Amended Complaint, except admits that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

4.    Denies the allegations set forth in paragraph "3" of the Second Amended Complaint, except admits that Plaintiff purports to base venue in this district as stated therein.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Second Amended Complaint.

6.      Denies the allegations set forth in paragraph "5" of the Second Amended Complaint, except admits that the City of New York is a corporation duly existing and incorporated under the laws of the State of New York, that the City of New York maintains a police department, and a fire department, and respectfully refers the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between defendant City and the New York City Police Department ("NYPD") and the New York City Fire Department ("FDNY").

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint as they pertain to purported defendants John Doe Police Officers #1-3, except admits that, on or about April 17, 2024, plaintiff was lawfully arrested by members of the NYPD.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Second Amended Complaint as they pertain to purported defendant John Doe Police Officer #4.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Second Amended Complaint as they pertain to purported defendant John Doe Police Officer #5.

10.     Denies the allegations set forth in paragraph "9" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Second Amended Complaint as they pertain to purported defendants John Doe Police Officers #5-8.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Second Amended Complaint as they pertain to purported defendants John Doe Police Officers #9-11.

12. Denies the allegations set forth in paragraph "11" of the Second Amended Complaint, except admits only that defendant Tara E. Redden was a member of the NYPD on or about April 17, 2024, and her shield number is 26508.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Second Amended Complaint as they pertain to purported defendants John Does #12-13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Second Amended Complaint as they pertain to purported defendants John Does #14-23.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the unnumbered paragraph on page 5 of the Second Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Second Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Second Amended Complaint, as they pertain to unidentified defendants.

18. Denies the allegations set forth in paragraph "16" of the Second Amended Complaint, except admits that members of the FDNY responded to a reported emergency at

plaintiff's apartment on or about April 17, 2024; to the extent paragraph "16" of the Second Amended Complaint sets forth conclusions of law, no response is required.

19. Denies the allegations set forth in paragraph "17" of the Second Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Second Amended Complaint, except admits that on April 14, 2024 defendant Tara Redden was present in the vicinity of plaintiff's apartment building located at 1420 Avenue L, Brooklyn, New York.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Second Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Second Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Second Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint; to the extent paragraph "22" of the Second Amended Complaint sets forth conclusions of law, no response is required.

25. Denies the allegations set forth in paragraph "23" of the Second Amended Complaint; to the extent paragraph "23" of the Second Amended Complaint sets forth conclusions of law, no response is required.

26. Denies the allegation set forth in paragraph "24" of the Second Amended Complaint; to the extent paragraph "24" of the Second Amended Complaint sets forth conclusions of law, no response is required.

27. Denies the allegation set forth in paragraph "25" of the Second Amended Complaint; to the extent paragraph "25" of the Second Amended Complaint sets forth conclusions of law, no response is required.

28. Denies the allegation set forth in paragraph "26" of the Second Amended Complaint; to the extent paragraph "26" of the Second Amended Complaint sets forth conclusions of law, no response is required.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "27" of the Second Amended Complaint, except admits that the NYPD's Bomb Squad investigated a report of a suspicious material at 1420 Avenue L, Brooklyn, New York and determined the materials to be inert.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "28" of the Second Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "29" of the Second Amended Complaint.

32. Denies the allegations set forth in paragraph "30" of the Second Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "31" of the Second Amended Complaint.

34. Denies the allegation set forth in paragraph "32" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegation concerning plaintiff's alleged recollection and further states that to the extent paragraph "32" of the Second Amended Complaint sets forth conclusions of law, no response is required.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "33" of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "34" of the Second Amended Complaint, except admits upon information and belief that plaintiff was charged with, *inter alia*, Reckless Endangerment in the First Degree in connection with his arrest on or about April 17, 2024.

37. Denies the allegation set forth in paragraph "35" of the Second Amended Complaint and further states that to the extent paragraph "35" of the Second Amended Complaint sets forth conclusions of law, no response is required.

38. Denies the allegation set forth in paragraph "36" of the Second Amended Complaint and further states that to the extent paragraph "36" of the Second Amended Complaint sets forth conclusions of law, no response is required.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "37" of the Second Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "38" of the Second Amended Complaint, except admits that, upon information and belief, plaintiff was charged with, *inter alia*, Reckless Endangerment in the First Degree in connection with his arrest on or about April 17, 2024.

41. Denies the truth of the allegation set forth in paragraph "39" of the Second Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "40" of the Second Amended Complaint, except admits only that, upon information and belief, plaintiff served what purported to be a Notice of Claim on December 24, 2024.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "41" of the Second Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "42" of the Second Amended Complaint.

45.     Denies the allegation set forth in paragraph "43" of the Second Amended Complaint, and further states that to the extent paragraph "43" of the Second Amended Complaint sets forth conclusions of law, no response is required.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "44" of the Second Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "45" of the Second Amended Complaint.

48.     In response to paragraph "46" of the Second Amended Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

49.     Denies the allegations set forth in paragraph "47" of the Second Amended Complaint and further states that, to the extent paragraph "47" of the Second Amended Complaint asserts conclusions of law, no response is required.

50. Denies the allegations set forth in paragraph "48" of the Second Amended Complaint and further states that to the extent paragraph "48" of the Second Amended Complaint asserts conclusions of law, no response is required.

51. Denies the allegations set forth in paragraph "49" of the Second Amended Complaint and further states that to the extent paragraph "49" of the Second Amended Complaint asserts conclusions of law, no response is required.

52. Denies the allegations set forth in paragraph "50" of the Second Amended Complaint and further states that to the extent paragraph "50" of the Second Amended Complaint asserts conclusions of law, no response is required.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "51" of the Second Amended Complaint.

54. Denies the allegations set forth in paragraph "52" of the Second Amended Complaint and further states that to the extent paragraph "52" of the Second Amended Complaint asserts conclusions of law, no response is required.

55. Denies the allegations set forth in paragraph "53" of the Second Amended Complaint and further states that to the extent paragraph "53" of the Second Amended Complaint asserts conclusions of law, no response is required.

56. Denies the allegations set forth in paragraph "54" of the Second Amended Complaint and further states that to the extent paragraph "54" of the Second Amended Complaint asserts conclusions of law, no response is required.

57. Denies the allegations set forth in paragraph "55" of the Second Amended Complaint.

58. Denies the allegations set forth in paragraph "56" of the Second Amended Complaint, except admits that plaintiff was lawfully arrested on April 17, 2024; and further states that to the extent paragraph "56" of the Second Amended Complaint asserts conclusions of law, no response is required.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "57" of the Second Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "58" of the Second Amended Complaint.

61. Deny the allegation set forth in paragraph "59" of the Second Amended Complaint and further states that to the extent paragraph "59" of the Second Amended Complaint sets forth conclusions of law, no response is required.

62. Denies the allegations set forth in paragraph "60" of the Second Amended Complaint and further states that to the extent paragraph "60" of the Second Amended Complaint asserts conclusions of law, no response is required.

63. Denies the allegations set forth in paragraph "61" of the Second Amended Complaint.

64. Denies the allegation set forth in paragraph "62" of the Second Amended Complaint and further states that to the extent paragraph "62" of the Second Amended Complaint sets forth conclusions of law, no response is required.

65. Denies the allegations set forth in paragraph "63" of the Second Amended Complaint.

66. Denies the allegation set forth in paragraph "64" of the Second Amended Complaint.

67. Denies the allegation set forth in paragraph "65" of the Second Amended Complaint and further states that to the extent paragraph "65" of the Second Amended Complaint sets forth conclusions of law, no response is required.

68. Denies the allegation set forth in paragraph "66" of the Second Amended Complaint, except admits that, upon information and belief, plaintiff was charged with, *inter alia*, Reckless Endangerment in the First Degree; and further states that to the extent paragraph "66" of the Second Amended Complaint sets forth conclusions of law, no response is required.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "67" of the Second Amended Complaint; to the extent paragraph "67" of the Second Amended Complaint sets forth conclusions of law, no response is required.

70. Denies the allegations set forth in paragraph "68" of the Second Amended Complaint and further states that to the extent paragraph "68" of the Second Amended Complaint asserts conclusions of law, no response is required.

71. Denies the allegations set forth in paragraph "69" of the Second Amended Complaint and further states that to the extent paragraph "69" of the Second Amended Complaint asserts conclusions of law, no response is required.

72. Denies the allegations set forth in paragraph "70" of the Second Amended Complaint and further states that to the extent paragraph "70" of the Second Amended Complaint asserts conclusions of law, no response is required.

73. In response to paragraph "71" of the Second Amended Complaint, defendant repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

74. Denies the allegations set forth in paragraph "72" of the Second Amended Complaint, except admits only that, upon information and belief, that plaintiff was charged with, *inter alia*, Reckless Endangerment in the First Degree.

75. Denies the allegations set forth in paragraph "73" of the Second Amended Complaint.

76. Denies the allegations set forth in paragraph "74" of the Second Amended Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "75" of the Second Amended Complaint.

78. Denies the allegations set forth in paragraph "76" of the Second Amended Complaint and further states that to the extent paragraph "76" of the Second Amended Complaint asserts conclusions of law, no response is required.

79. Denies the allegations set forth in paragraph "77" of the Second Amended Complaint and further states that to the extent paragraph "77" of the Second Amended Complaint asserts conclusions of law, no response is required.

80. Denies the allegations set forth in paragraph "78" of the Second Amended Complaint and further states that to the extent paragraph "78" of the Second Amended Complaint asserts conclusions of law, no response is required.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "79" of the Second Amended Complaint.

82. Denies the allegations set forth in paragraph "80" of the Second Amended Complaint.

83. Denies the allegation set forth in paragraph "81" of the Second Amended Complaint.

84. Denies the allegations set forth in paragraph "82" of the Second Amended Complaint.

85. Denies the allegations set forth in paragraph "83" of the Second Amended Complaint and further states that to the extent paragraph "83" of the Second Amended Complaint asserts conclusions of law, no response is required.

86. Denies the allegations set forth in paragraph "84" of the Second Amended Complaint.

87. In response to paragraph "85" of the Second Amended Complaint, defendant denies the allegations set forth in paragraph "85" of the Second Amended Complaint and repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

88. Denies the allegations set forth in paragraph "86" of the Second Amended Complaint.

89. Denies the allegations set forth in paragraph "87" of the Second Amended Complaint, and further states that to the extent paragraph "87" of the Second Amended Complaint asserts conclusions of law, no response is required.

90. Denies the allegations set forth in paragraph "88" of the Second Amended Complaint, and further states that to the extent paragraph "88" of the Second Amended Complaint asserts conclusions of law, no response is required.

91. Denies the allegations set forth in paragraph "89" of the Second Amended Complaint.

92.     Denies the allegation set forth in paragraph "90" of the Second Amended Complaint.

93.     Denies the allegation set forth in paragraph "91" of the Second Amended Complaint.

94.     Denies the allegations set forth in paragraph "92" of the Second Amended Complaint, and further states that to the extent paragraph "92" of the Second Amended Complaint asserts conclusions of law, no response is required.

95.     Denies the allegations set forth in paragraph "93" of the Second Amended Complaint.

96.     Denies the allegations set forth in paragraph "94" of the Second Amended Complaint, and further states that to the extent paragraph "94" of the Second Amended Complaint asserts conclusions of law, no response is required.

97.     Denies the allegations set forth in paragraph "95" of the Second Amended Complaint, and further states that to the extent paragraph "95" of the Second Amended Complaint asserts conclusions of law, no response is required.

98.     Denies the allegations set forth in paragraph "96" of the Second Amended Complaint, and further states that to the extent paragraph "96" of the Second Amended Complaint asserts conclusions of law, no response is required.

99.     Denies the allegations set forth in paragraph "97" of the Second Amended Complaint.

100.     Denies the allegations set forth in paragraph "98" of the Second Amended Complaint.

101. Denies the allegations set forth in paragraph "99" of the Second Amended Complaint.

102. Denies the allegations set forth in paragraph "100" of the Second Amended Complaint.

103. Denies the allegations set forth in paragraph "101" of the Second Amended Complaint, and further states that to the extent paragraph "101" of the Second Amended Complaint asserts conclusions of law, no response is required.

104. Denies the allegations set forth in paragraph "102" of the Second Amended Complaint, further states that to the extent paragraph "102" of the Second Amended Complaint asserts conclusions of law, no response is required, and repeats the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

105. Denies the allegations set forth in paragraph "103" of the Second Amended Complaint.

106. Denies the allegations set forth in paragraph "104" of the Second Amended Complaint.

107. Denies the allegations set forth in paragraph "105" of the Second Amended Complaint, and further states that to the extent paragraph "105" of the Second Amended Complaint asserts conclusions of law, no response is required.

108. Denies the allegations set forth in paragraph "106" of the Second Amended Complaint.

109. Denies the allegations set forth in paragraph "107" of the Second Amended Complaint.

110. Denies the allegations set forth in paragraph "108" of the Second Amended Complaint.

111. Denies the allegations set forth in paragraph "109" of the Second Amended Complaint, and further states that to the extent paragraph "109" of the Second Amended Complaint asserts conclusions of law, no response is required.

112. Denies the allegations set forth in paragraph "110" of the Second Amended Complaint.

113. Denies the allegations set forth in paragraph "111" of the Second Amended Complaint.

114. Denies the allegations set forth in paragraph "112" of the Second Amended Complaint.

115. Denies the allegations set forth in paragraph "113" of the Second Amended Complaint.

116. Denies the allegation set forth in paragraph "114" of the Complaint.

117. Denies the allegations set forth in paragraph "115" of the Second Amended Complaint, and further states that to the extent paragraph "115" of the Complaint asserts conclusions of law, no response is required.

118. Denies the allegations set forth in paragraph "116" of the Second Amended Complaint, and further states that to the extent paragraph "116" of the Second Amended Complaint asserts conclusions of law, no response is required.

119. Denies the allegations set forth in paragraph "117" of the Second Amended Complaint.

120. Denies the allegations set forth in paragraph "118" of the Second Amended Complaint.

121. Denies the allegations set forth in paragraph "119" of the Second Amended Complaint.

122. Denies the allegations set forth in paragraph "120" of the Second Amended Complaint, and further states that to the extent paragraph "120" of the Second Amended Complaint asserts conclusions of law, no response is required.

123. Denies the allegations set forth in paragraph "121" of the Second Amended Complaint, and further states that to the extent paragraph "121" of the Complaint asserts conclusions of law, no response is required.

124. Denies the allegations set forth in paragraph "122" of the Second Amended Complaint, and further states that to the extent paragraph "122" of the Second Amended Complaint asserts conclusions of law, no response is required.

125. Denies the allegations set forth in paragraph "123" of the Second Amended Complaint, and further states that to the extent paragraph "123" of the Second Amended Complaint asserts conclusions of law, no response is required.

126. Denies the allegations set forth in section "XVI" entitled "Prayer for Relief" of the Second Amended Complaint.

**AS TO THE FIRST DEFENSE / AFFIRMATIVE DEFENSE:**

127. The Second Amended Complaint fails to state a claim upon which relief can be granted.

**AS TO THE SECOND DEFENSE / AFFIRMATIVE DEFENSE:**

128. Any injury alleged to have been sustained resulted from Plaintiff's

own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant, the City of New York or any of its agents.

**AS TO THE THIRD DEFENSE / AFFIRMATIVE DEFENSE:**

129. There was probable cause for plaintiff's arrest, detention, and prosecution based on *inter alia*, reports of smoke conditions from plaintiff's unattended apartment and observed hazardous materials.

**AS TO THE FOURTH DEFENSE / AFFIRMATIVE DEFENSE:**

130. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, a complaining witness reported a smoke condition inside of plaintiff's apartment located at 1420 Avenue L, Brooklyn, New York.

**AS TO THE FIFTH DEFENSE /AFFIRMATIVE DEFENSE:**

131. Defendant the City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS TO THE SIXTH DEFENSE / AFFIRMATIVE DEFENSE:**

132. Punitive damages cannot be assessed against defendant the City of New York.

**AS TO THE SEVENTH DEFENSE / AFFIRMATIVE DEFENSE:**

133. Plaintiff may have failed to mitigate his alleged damages.

**AS TO THE EIGHTH DEFENSE / AFFIRMATIVE DEFENSE:**

134. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**AS TO THE NINETH DEFENSE / AFFIRMATIVE DEFENSE:**

135. At all times relevant to the acts alleged in the complaint, defendant the City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant the City New York is entitled to governmental immunity from liability on plaintiff's state law claims.

**AS TO THE TENTH DEFENSE / AFFIRMATIVE DEFENSE:**

136. To the extent that the Second Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), et seq.

**AS TO THE ELEVENTH DEFENSE / AFFIRMATIVE DEFENSE:**

137. Plaintiff may have failed to mitigate his alleged damages.

**AS TO THE TWELFTH DEFENSE / AFFIRMATIVE DEFENSE:**

Plaintiff has failed to state a claim under <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).

**WHEREFORE,** Defendant the City of New York requests judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           November 5, 2025

                    MURIEL GOODE-TRUFANT
                    Acting Corporation Counsel of the
                    City of New York
                    *Attorney for Defendant the City of New York*
                    100 Church Street, Room 3-308A
                    New York, New York 10007
                    (212) 356-3521

By:    */s/ Edward Reilingh*
Edward Reilingh
*Assistant Corporation Counsel*

TO:   **BY FIRST CLASS MAIL**
Brian Markuson
*Plaintiff Pro Se*
1420 Avenue L, Apartment D4
Brooklyn, NY 11230