**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

*** Filed ***
01:15 PM, 06 Mar, 2026
U.S.D.C., Eastern District of New York

**Honorable Diane Gujarati**
**United States District Judge**
**Eastern District of New York**

Brian Markuson,
Plaintiff,Pro Se

v.

City of New York, et al.,
Defendants.

Case No. 25-CV-02271 (DG)(JRC)

PLAINTIFF'S LETTER-MOTION
Requesting Permission to File Partial Summary Judgment and Setting a Briefing Schedule

Re: Markuson v. City of New York, 25-CV-02271 (DG)(JRC)

Request for Leave to File Partial Summary Judgment Motion on Warrantless Entry Issue

Your Honor:

Plaintiff respectfully moves for leave to file a limited, partial motion for summary judgment under Rule 56 addressing a single, discrete issue: whether Defendants entered Plaintiff's home on April 17, 2024 without a warrant. Rule 56(a) expressly permits summary judgment on a claim or part of a claim where no genuine dispute of material fact exists. This issue is appropriate for early resolution because, as reflected in the Court's February 18, 2026 Minute Entry for the status conference before Magistrate Judge James R. Cho, counsel for the City stated on the record that the City was not aware of any search warrant in connection with the search of Plaintiff's apartment. Consistent with that record, the Second Amended Complaint alleges that multiple entries and re-entries into Plaintiff's residence occurred without a warrant and that no search warrant was ever produced, referenced during the criminal proceedings, or left at the premises following the searches. The City's Answer does not identify or reference any judicial warrant authorizing entry into the residence. Accordingly, the existence of a warrant presents a discrete threshold issue suitable for summary adjudication.

The proposed motion is narrow in scope and does not address exigent circumstances, probable cause, damages, or Monell liability. It seeks only a ruling on the undisputed legal predicate that the entries were conducted without a warrant.

Plaintiff notes that during the parties' March 5, 2026 meet-and-confer, Defendants declined to discuss or propose a briefing schedule for this discrete issue. Plaintiff further notes that a status conference before Magistrate Judge James R. Cho is scheduled for March 19, 2026, at which the Court may wish to address or set an appropriate briefing schedule for this limited motion. Accordingly, Plaintiff proposes the following briefing schedule:

Plaintiff's Opening Motion: April 1, 2026
Defendant City's Opposition: April 14, 2026
Plaintiff's Reply: April 21, 2026

This schedule mirrors standard timelines for limited summary-judgment briefing and would not interfere with the Court's consideration of any pending motions. Plaintiff further respectfully requests that discovery proceed in the ordinary course during the briefing and pendency of this limited motion.

Given the binary and undisputed nature of this issue, early summary adjudication will sharpen the legal posture of the case, reduce unnecessary disputes, and assist in focusing subsequent phases of litigation.

## Relief Requested

Accordingly, Plaintiff respectfully requests that the Court:

• Grant leave to file a partial Rule 56 motion limited solely to the warrantless-entry question; and

• Adopt the briefing schedule set forth above; and

• Direct that discovery proceed in the normal course during the briefing and resolution of the proposed limited Rule 56 motion.

Thank you for the Court's attention to this matter.

Respectfully submitted,

s/ Brian Markuson
1420 Avenue L, Apt. D4
Brooklyn, NY 11230
Plaintiff Pro Se

3478296660